UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMELIA GAMEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-919 |
| § | |
| WELLS FARGO BANK, N.A., *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Motion for Award of Attorneys' Fees and Costs (Doc. 44) filed by Defendants Wells Fargo Bank N.A. ("Wells Fargo") and Federal National Mortgage Association ("FNMA") (collectively, "Defendants"). Plaintiffs Amelia Gamez and Bernardo Gamez (collectively, "Plaintiffs") have not filed a response, which, pursuant to Local Rule 7.4, is taken as a representation of no opposition.

On March 12, 2013, this Court entered its Opinion and Order (Doc. 42) and Final Judgment (Doc. 43), granting Defendants' Motion for Summary Judgment (Doc. 23) on all Plaintiffs' claims and dismissing Plaintiffs' case. According to the Deed of Trust ("Deed") (Doc. 44-3) underlying the parties' dispute, costs incurred by Defendants in protecting their interest in the disputed property and their rights secured under the Deed become additional debt of the borrower, i.e., Plaintiffs. Doc. 44-3 ¶ 9. Such costs include, among others, reasonable attorneys' fees. Doc. 44-3 ¶ 9.

"A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). In this case, Texas law controls, and, under Texas law, a party may recover attorneys' fees when such

recovery is provided for in a deed of trust. *Velazquez v. Countrywide Home Loans Servicing, L.P. (In re Velazquez)*, 660 F.3d 893, 899 (5th Cir. 2011). In addition, "[f]ees need not be allocated when the matters entailed in the claims … are intertwined, arise from the same transaction, and require essentially the same facts." *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (awarding attorneys' fees for securities, breach of contract, and DTPA claims that were all based on the same facts). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

Here, Defendants have submitted the affidavit of Branch M. Sheppard, a senior associate, (Doc. 44-4 at 1-2), and time and expense details of his hours, billed at an hourly rate of $275.00, those of George A. Kurisky Jr., billed at $400.00, and those of an unidentified individual, presumably a paralegal, billed at $110.00, (Doc. 44-4 at 3-8). Defendants request is based on a blended rate. Doc. 44-1 ¶ 5. Given the record in this case, the Court finds 92.30 billable hours to be a reasonable total and $300.00 to be a reasonable blended hourly rate; thus, the awarded attorneys' fees equal $27,690.00. The addition of $2,498.67 in expenses brings the total to $30,188.67. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Award of Attorneys' Fees and Costs (Doc. 44) is **GRANTED** in the amount of **$30,188.67**.

SIGNED at Houston, Texas, this 2nd day of August, 2013.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE